OPINION
Defendant-appellant Raymond Brooks appeals the July 24, 1998, judgment of the Ashland Municipal Court finding him guilty of speeding in violation of R.C. 4511.21(D)(3). Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
On June 16, 1998, Trooper Ryan Marcy of the Ohio State Highway Patrol issued appellant a citation for operation of a motor vehicle at a speed of 74 miles per hour in violation of R.C.4511.21(D)(3). Such section sets a speed limit of fifty-five (55) miles per hour upon a freeway for motor vehicles weighing in excess of eight thousand pounds empty. At his arraignment on June 23, 1998, appellant entered a plea of not guilty to such offense. A bench trial before Judge Jacob Fridline was held on July 24, 1998. At the trial, Trooper Ryan Marcy testified that at approximately 1:20 a.m. on June 16, 1998, he was traveling southbound on Interstate 71 when he saw two commercial vehicles traveling northbound that he estimated were traveling well in excess of the 55 miles per hour posted speed limit for motor vehicles weighing in excess of eight thousand pounds empty. Appellant's vehicle, which was the second vehicle, was several hundred yards behind the first vehicle. Marcy described appellant's vehicle as a "conventional semi, green in color, freightliner." Transcript of Proceedings at 7. After he made a visual estimation of speed in accordance with his training, Trooper Marcy activated his K55 Radar unit and clocked the first vehicle at approximately 71 miles per hour and appellant's vehicle at approximately 74 miles per hour. When asked, Trooper Marcy testified that there were not any similar vehicles behind appellant's that he could have confused with appellant's vehicle. Trooper Marcy also indicated that he was not concerned that he may have lost sight of appellant's vehicle for any significant period of time between the time he clocked appellant's vehicle and the time he stopped the same. After pulling appellant's vehicle over, Trooper Marcy charged appellant with operating his vehicle at a speed of 74 miles per hour in a 55 miles per hour zone in violation of R.C. 4511.21(D)(3). At the conclusion of the bench trial, the trial court found appellant guilty of the charge and fined appellant $50.00 plus court costs. Pursuant to a Judgment Order filed on September 15, 1998, the trial court stayed all proceedings in appellant's case pending appeal. It is from his conviction that appellant now prosecutes this appeal, raising the following assignment of error:
THE TRIAL COURT ERRED WHEN IT DETERMINED THE WEIGHT OF DEFENDANT'S VEHICLE TO BE ABOVE A CERTAIN AMOUNT DESPITE NOT HAVING ACTUAL EVIDENCE OF THAT VEHICLE'S WEIGHT IN VIOLATION OF DEFENDANT'S DUE PROCESS RIGHTS.
 I
Appellant, in his sole assignment of error, argues that the trial count erred in convicting him of violating R.C. 4511.21(D)(3) when there was no actual evidence establishing the weight of appellant's vehicle. Appellant points to the fact that his vehicle was neither weighed by Trooper Marcy nor observed by Marcy at any weigh station. Marcy, appellant also emphasizes, did not check any manifests or any documents on appellant's vehicle to determine its actual weight, which is an essential element of R.C.4511.21(D)(3). A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of the syllabus. R.C. 4511.21(D) states, in relevant part, as follows: "No person shall operate a motor vehicle, trackless trolley, or street car upon a street or highway as follows: (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight . . ., at a speed exceeding fifty-five miles per hour upon a freeway . . ."
"[T]he general description of the vehicle is insufficient to allow the trier of fact to infer the necessary weight, as to the weight of a given semi tractor-trailer is beyond common knowledge. . .". State v Myers (May 25, 1995), Franklin App. No. 94 APC11-1601, unreported at 2209. See also State v. Cox (March 21, 1991), Ashland App. No. CA-973, unreported. However, in the case sub judice there was evidence presented to the trial court as to the weight of appellant's vehicle other than a general description of the vehicle. When asked about his involvement with or training in the weighing of commercial vehicles, Trooper Marcy, who the trial court found competent to testify, testified as follows: "A. . . . I'm frequently at the scale house here in Ashland on I-71. The speed limit for commercial vehicles over 8,000 pounds is 55, generally, from being around the scale house, a commercial tractor by itself usually goes around 25, 26,000 pounds. Q. On June 16, the commercial vehicle that was being driven by the defendant in this case, do you remember the type of tractor it was? A. It was a conventional semi, green in color, Freightliner. Q. Are those the types of semi commercial tractors you've seen being weighed at the scale? A. Right. The type — myself I'm not a vehicle inspector. I might be off on the weight of a conventional tractor, I know it's well over 8,000 pounds. Q. That's pursuant to your training and experience in this area? A. Right, from being around the scales, commercial vehicles pulling a load, tractor and trailer — you know they're generally around 8,000 pounds in Ohio unless they have a special permit letting them be otherwise. A tractor and trailer obviously is generally over 8,000 pounds. Transcript of Proceedings at 7-8.
During redirect examination, Marcy stated that, based on his training and experience, appellant's vehicle was over eight thousand pounds empty weight. So, even though Trooper Marcy did not know an exact weight on appellant's vehicle, he knew it was over 8,000 pounds empty. Thus, in contrast to Myers, supra and to Cox, supra. there was evidence presented as to the weight of appellant's truck. In addition, we have addressed this matter previously in the case of State v. Swinehart (Aug. 27, 1992) Ashland App. Nos. CA-999, CA-1000. In Swinehart we found that the testimony of a state trooper, concerning the unladened weight of a tractor-trailer, was sufficient to support a conviction for speeding under R.C. 4511.21(D)(3), when that testimony was based on the experience of the trooper with commercial vehicles. Based on the foregoing, we conclude that there was substantial evidence from which a reasonable fact finder could reasonably conclude beyond a reasonable doubt that the vehicle operated by appellant weighed in excess of eight thousand pounds empty weight. The trial court, therefore, did not err in holding that appellant had violated R.C. 4511.21(D)(3). Appellant's sole assignment of error is denied.
The judgment of the Ashland Municipal Court is affirmed.
By Edwards, J. Wise, P. J. and Reader, V.J. concur